**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert Chapman**, <br><br> Plaintiff, <br><br> v. <br><br> **Prescott Station, Inc.,** et al, <br><br> Defendants. | No. 3:19-cv-08208-DJH <br><br> **PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS IN FLSA ACTION** |

Plaintiff Robert Chapman ("Chapman" or "Plaintiff"), pursuant to the Parties' agreement in their Joint Motion for Approval of Settlement Agreement ("Joint Motion"), filed concurrently, hereby respectfully requests that the Court approve the $4,000 in attorneys' fees and $568.70 in costs, which were agreed upon by the Parties in reaching the settlement of this Fair Labor Standards Act ("FLSA") and Arizona wage law case. As shown below, based on Plaintiff's counsel's lodestar and out-of-pocket expenses incurred, the amounts are reasonable and should be approved. Plaintiff's counsel has conferred with Defendants' counsel, who has agreed not to oppose this motion. The following Memorandum of Points and Authorities supports this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

As shown in the Parties' Joint Motion, under the settlement at issue, Plaintiff will recover nearly three times the amount of the unpaid wages he alleged he is owed. Plaintiff now seeks approval of the $4,000 in attorneys' fees and $568.70 in costs incurred in obtaining this settlement. These amounts are reasonable under the FLSA and were negotiated at an arm's length, and Plaintiff's counsel incurred these costs out-of-pocket in prosecuting this matter. Accordingly, they should be approved.

**I.  Plaintiff's counsel's lodestar is reasonable and exceeds the attorneys' fees on which the parties agreed.**

As part of the settlement of this FLSA action, Defendants have agreed to pay Chapman's attorneys' fees and out-of-pocket costs in the amount of $4,568.70 pursuant to 29 U.S.C. § 216(b). Specifically, Chapman's counsel will receive $4,000 in attorneys' fees and $568.70 in out-of-pocket costs. The FLSA provides for reasonable attorneys' fees and costs to be paid by the defendant to a prevailing plaintiff. 29 U.S.C. § 216(b). In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. at 433. To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d

-2-

67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988).  These factors are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

### A. Novelty/complexity of the issues

Minimum wage and overtime claims under the FLSA are particularly complex, factually oriented, and high-risk.  This case would have been no exception had it been highly contested.  However, Defendants, while disputing liability, did ultimately agree to settle the case, and therefore Plaintiff's counsel was not forced to conduct discovery or otherwise engage in contested litigation.  Nonetheless, the legal issues raised by this FLSA action were sophisticated and required extensive knowledge of the law.  The FLSA is a complex, difficult-to-navigate statute, requiring strong legal skills necessary to identify issues, research them, resolve them, and then lay them out persuasively for the Court.  The FLSA requires counsel who understand its complexities and nuances.  For these reasons, Plaintiff very likely would not have obtained the settlement he did without the assistance of Bendau & Bendau PLLC.

### B. Skills/experience of counsel

Plaintiff's counsels' particular set of skills warrants the rate of $395 per hour for Clifford P. Bendau, II.  His experience, reputation, and ability support the fees he is going to be paid under the settlement agreement.  Clifford Bendau focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA.  Since becoming licensed to practice law in 2012, he has litigated about 150

lawsuits on employees' behalves in the Federal District Courts for the Districts of Arizona, Colorado, and Ohio, all of which he agreed to represent his clients on contingency bases. He has also been lead plaintiffs' counsel on approximately 25 FLSA collective action matters in both the Districts of Arizona and Ohio. He has also represented numerous plaintiffs on a novel FLSA issue in the Ninth and Tenth Circuit Courts of Appeals, having obtained a reversal in the Tenth Circuit and a reversal *en banc* in the Ninth Circuit. *See Marsh v. J. Alexander's LLC*, 905 F.3d 610 (9th Cir. 2018); *see also Romero v. Top-Tier Colorado, LLC*, 849 F.3d 1281 (10th Cir. 2017).

### C. Quality of representation

This case involved drafting and filing a complaint, negotiating with counsel, communicating with Chapman, and drafting and briefing motions for settlement approval. Ultimately, Plaintiff prevailed to by entering into a favorable settlement agreement with Defendants.

### D. Results obtained

Plaintiff's counsel obtained excellent results for Plaintiff in this case. The settlement reached awarded 100 percent of Plaintiff's unpaid wages, plus an additional amount nearly equal to twice the unpaid wages in liquidated damages. The excellent results obtained supports the agreed-upon fees amount.

As of September 12, 2019, Plaintiff's counsel's lodestar was $5,056, which consists of 12.8 hours worked by Clifford P. Bendau, II, at an hourly rate of $395. This number does not include any work done beyond September 12, 2019, which Plaintiff's counsel estimates is another two to four hours. Attached hereto as "**Exhibit A**" is

-4-

Clifford P. Bendau II's lodestar records for the time that he spent litigating this case through September 12, 2019, multiplied by the hourly rate of $395.  The District of Arizona and the Northern District of Ohio have both determined that hourly rate of $395 Clifford P. Bendau, II is reasonable.  *See Knapp v. Invictus Protective Services, LLC, et al.*, Case No. 2:19-cv-00878-DWL, Doc. 21 (D. Ariz. June 7, 2019) (Order approving hourly rate attached hereto as "**Exhibit B**"); *see also Carr, et al. v. Bob Evans Farms, Inc., et al.*, Northern District of Ohio Case No. 1:17-cv-01875-JG, Docs. 77-1, 78 (N.D. Ohio, July 12, 2018 and July 27, 2018) (Motion requesting, and Order approving, the aforementioned rates attached hereto as "**Exhibit C**").  In addition, the aforementioned authority has awarded Christopher Bendau an hourly rate of $345.  He has expended approximately an hour and a half on this case.  However, because of the low dollar value of this case and the early resolution reached, Plaintiff's counsel has opted not to include Christopher Bendau's time worked on this matter.

In addition, Bendau & Bendau PLLC agreed to represent Plaintiff and on a contingency basis and has not received any payment for accrued attorneys' fees.  *See* Representation Agreement, attached as "**Exhibit D.**"  The Representation Agreement with Plaintiff provides that undersigned's hourly rate for employment litigation cases is $395 per hour.  *See* Ex. D.

**II.     The Court should not disturb the private agreement the parties reached in settling this case because the attorneys' fees were negotiated at an arm's length and properly compensate Plaintiff's counsel for their efforts in obtaining compensation for Plaintiff.**

Under this settlement, Chapman will receive nearly three times his unpaid wages, will not have had to pay his attorneys any fees out of pocket, and his attorneys have fronted all out-of-pocket costs on his behalf.  The attorneys' fees at issue were settled privately between the parties and are therefore warranted, notwithstanding the lodestar analysis. "29 U.S.C. § 216 does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement"). *See also Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th 1994) ("The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances…Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights…Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages").

**III.    The reimbursement of Plaintiff's counsel's out-of-pocket expenses should also be approved.**

Plaintiff also requests approval of the reimbursement of the $568.70 in costs Plaintiff's counsel fronted on his behalf.  The FLSA requires that a prevailing plaintiff also receive costs incurred from the defendant.  29 U.S.C. § 216(b).  Here, the costs that Plaintiff's counsel expended on his behalf are $400 for filing the Complaint and $168.70.  *See* compilation of costs receipts, attached as "**Exhibit E**."

**IV.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the $4,568.70 in attorneys' fees and cost, as outlined in the Settlement Agreement.

RESPECTFULLY SUBMITTED the 3rd Day of October, 2019.

BENDAU & BENDAU PLLC

/s/*Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd Day of October, 2019, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *Clifford P. Bendau, II*