**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Chapman, | No. CV-19-08208-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Prescott Station Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' Second Joint Motion to Approve the FLSA Settlement ("Second Motion") (Doc. 18) and Plaintiff's Unopposed Motion for Approval of Attorney's Fees and Costs ("Fee Motion") (Doc. 19). In a prior Order the Court found that a bona fide FLSA dispute existed and that Plaintiff's total recovery of $669.78[1] was fair, reasonable, and adequate and in the best interest of Plaintiff in light of all known facts and circumstances. (Doc. 17 at 3). However, the Court denied the parties' First Joint Motion to Approve the FLSA Settlement ("First Motion"), because the requested attorney's fee award appeared to be unreasonable and Plaintiff failed to provide any billing records, a contingency fee agreement, or any other evidence to suggest that the requested attorney's fee award was reasonable. (*Id.* at 3-5).

Having already found the Settlement Agreement to be fair and reasonable, the Court will now address the requested attorney's fee award. A party requesting an award of

---

[1] The Settlement Agreement provides that in addition to the $238.48 Defendants already paid Plaintiff for his unpaid wages, Defendants will pay Plaintiff an additional $431.30 to settle his claim for liquidated damages. Thus, the total settlement amount is $669.78.

attorney's fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Plaintiff argues, and the Court agrees, that pursuant to FLSA, Plaintiff is entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Plaintiff's attorney began working on this case on July 5, 2019, filed the Complaint on July 16, 2019, and accepted a settlement offer by August 28, 2019. The Settlement Agreement awards Plaintiff his unpaid wages ($238.48), liquidated damages ($431.30), and attorney's fees and costs ($4,568.70). (Doc. 18-1 at 2-3). Plaintiff contends that his requested award of attorney's fees and costs of $4,568.70 is reasonable, and further provides that the requested award is comprised of $568.70 in costs and 12.8 hours of work by Plaintiff's attorney, Mr. Clifford P. Bendau, II.

To determine the reasonableness of requested attorney's fees, federal courts generally use the "lodestar" method. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). The Court must first determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard*, 489 U.S. at 94 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court next "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "These factors are known as the *Kerr* factors." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Such an adjustment is appropriate "only in rare or exceptional circumstances." *Cunningham v. City of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988).

Plaintiff's attorney, Mr. Bendau, II, was hired on a contingency basis with a fee agreement that included a flat rate of $395.00 per hour. (Doc. 19-4). Plaintiff argues that his attorney's billing rate is reasonable and provides that a court in this district recently determined as much. (Doc. 19 at 5) (citing Order, *Knapp v. Invictus Protective Services LLC, et al.*, No. 2:19-cv-00878 (D. Ariz. June 7, 2019), ECF No. 21 (finding that an hourly rate of $395.00 was a reasonable for Mr. Bendau, II.)). However, Plaintiff fails to mention

that another court in this district recently found that $395.00 was an unreasonable billing rate for Mr. Bendau, II. *See Outland v. Arizona Movers & Storage*, 2019 WL 2269423, at *1 (D. Ariz. May 28, 2019) (finding that although $395.00 per hour was an unreasonable billing rate, the plaintiff had demonstrated that a billing rate of $325.00 per hour was reasonable for Mr. Bendau, II). Although, it appears from the requested award that Plaintiff's counsel has already reduced his billing rate for this matter from $395.00 per hour to $312.50 per hour.[2] The Court finds that Plaintiff has sufficiently shown that $312.50 per hour is a reasonable rate for Mr. Bendau, II, and therefore, the Court need not decide the reasonableness of $395.00 per hour.

After considering Plaintiff's arguments and reviewing the itemized billing entries, the Court concludes that an attorney's fee award of $4,000.00 for 12.8 hours of Plaintiff's counsel's time is reasonable. Adding counsels' out of pocket costs of $568.70, results in an award of attorney's fees and costs in the amount of $4,568.70. Additionally, Plaintiff does not seek, nor does the Court finds reason for an upward modification of the requested fee award. Accordingly,

**IT IS ORDERED** that the parties' Second Joint Motion to Approve the FLSA Settlement (Doc. 18) is **GRANTED**. The parties' Settlement Agreement is approved as fair, reasonable, and just in all respects, and the parties shall perform the Settlement Agreement in accordance with its terms.

**IT IS FURTHER ORDERED** that the Plaintiff's Unopposed Motion for Approval of Attorney's Fees and Costs (Doc. 19) is **GRANTED**. The Court approves an attorney's fees and costs award in the amount of $4,568.70, which shall be distributed in accordance with the terms of the Settlement Agreement.

…

…

…

…

---

[2] Plaintiff's attorney is requesting an attorney's fee award of $4,000.00 for 12.8 hours billed, which equals a billing rate of $312.50.

**IT IS FINALLY ORDERED** that this case is hereby dismissed with prejudice and the Clerk of the Court is respectfully directed to enter judgment accordingly.

Dated this 9th day of October, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge